**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**DARWIN SANTIAGO MERA GUAMAN,**

**Petitioner,**

**v.**

**LUIS SOTO, *et al.*,**

**Respondents.**

**Case No. 26–cv–13544–ESK**

**OPINION AND ORDER**

**THIS MATTER** is before the Court on petitioner Darwin Santiago Mera Guaman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)

1. Petitioner is a citizen of Honduras who has lived in the United States since 1996. (ECF No. 1 ¶ 1.)

2. Immigration and Customs Enforcement (ICE) arrested and detained petitioner on October 17, 2026. (*Id.* ¶ 36.)

3. ICE made an initial custody determination on October 17, 2026 and concluded that petitioner was eligible to be released on $7,500 bond. (ECF No. 4–1 p. 1.) Petitioner requested that an immigration judge review that determination. (*Id.*)

4. A bond hearing was conducted on October 20, 2026, and the immigration judge raised the bond amount to $8,000. (ECF No. 4–2 p. 3.)

5. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a person only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

6. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings

would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

7. ICE made an initial custody determination on October 17, 2026 that petitioner could be released on $7,500 bond. (ECF No. 4–1 p. 1.)

8. Petitioner exercised his right to have an immigration judge review that determination. (ECF No. 4–2 p. 3.)

9. "Immigration detainees seeking to invoke this Court's habeas jurisdiction … must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20–cv–06459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233–34 (3d Cir. 2003)).

10. Petitioner may seek relief before the Board of Immigration Appeals, and he must do so before seeking habeas relief in this Court.

Accordingly,

**IT IS** on this **12th** day of **November 2026** **ORDERED** that:

1. Petitioner's § 2241 Petition is **DISMISSED WITHOUT PREJUDICE**.

2. Any restrictions imposed on petitioner's location are **LIFTED**.

3. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**